1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| VINICIO JARAMILLO,                )<br>                                         )<br>            Petitioner,          )<br>                                         )<br>    v.                                 )<br>                                         )<br>KERN VALLEY STATE PRISON )<br>WARDEN, M. BITER,            )<br>                                         )<br>            Respondent.          )<br>_____) | No. CV 12-6139-GHK (PLA)<br><br>**ORDER ACCEPTING FINDINGS,<br>CONCLUSIONS AND RECOMMENDATION<br>OF UNITED STATES MAGISTRATE JUDGE** |

        On May 9, 2016, the United States Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that petitioner's Petition for Writ of Habeas Corpus be denied and that this action be dismissed with prejudice.  On May 19, 2016, petitioner filed Objections to the R&R.

        In his Objections, petitioner argues, inter alia, that the R&R failed to address his equal protection claim, i.e., that there is no rational basis for limiting liability under the natural and probable consequences doctrine for premeditated murder and not premeditated attempted murder, because "[t]he only difference between [premeditated] murder and premeditated attempted murder is a bad shot or something otherwise preventing the person from executing his plan."[1]  (Objections at 6-7).

---

[1]    The R&R sets forth in detail the theory of aiding and abetting under the natural and probable consequences doctrine.  (See R&R at 12-13).

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985) (citation omitted). "When those who appear similarly situated are nevertheless treated differently, the Equal Protection Clause requires at least a rational reason for the difference, to ensure that all persons subject to legislation or regulation are indeed being 'treated alike, under like circumstances and conditions.'" Engquist v. Oregon Dep't of Agr., 553 U.S. 591, 602, 128 S. Ct. 2146, 2153, 170 L. Ed. 2d 975 (2008).

As set forth in the R&R, the California Supreme Court's opinions in People v. Chiu, 59 Cal.4th 155, 172 Cal.Rptr.3d 438 (2014), and People v. Favor, 54 Cal.4th 868, 143 Cal.Rptr.3d 659 (2012), explain the rationale for the sentencing schemes for aiders and abettors of premeditated murder and premeditated attempted murder.

"[A]ttempted premeditated murder and attempted unpremeditated murder are not separate offenses," as "[a]ttempted murder is not divided into different degrees." Favor, 54 Cal.4th at 876 (citations omitted).  "[T]he provision in [California Penal Code] section 664, subdivision (a), imposing a greater punishment for an attempt to commit a murder that is 'willful, deliberate, and premeditated' does not create a greater degree of attempted murder but, rather, constitutes a penalty provision that prescribes an increase in punishment (a greater base term) for the offense of attempted murder."[2] Id. at 877 (citation omitted). To impose liability to an aider and abettor

---

[2]    Section 664(a) states in pertinent part:

Every person who attempts to commit any crime, but fails, or is prevented or intercepted in its perpetration, shall be punished where no provision is made by law for the punishment of those attempts, as follows:

(a) . . . [I]f the crime attempted is willful, deliberate, and premeditated murder, as defined in Section 189, the person guilty of that attempt shall be punished by imprisonment in the state prison for life with the possibility of parole. If the crime attempted is any other one in which

under Section 664(a), even under the natural and probable consequences doctrine, it is only necessary that the attempted murder "'be committed by one of the perpetrators with the requisite state of mind.'"  Id. at 879 (citation omitted).  If the jury finds that the attempted murder was deliberate and premeditated, both the direct perpetrator and the aider and abettor are subject to the penalty provision of Section 664(a).  Id.

On the other hand, murder is divided into separate degrees -- i.e., first and second degree murder -- and premeditation is an element of the crime of first degree premeditated murder.  Chiu, 59 Cal.4th at 163; see Cal. Penal Code §§ 187, 189.  The California Supreme Court in Chiu held that "an aider and abettor may not be convicted of first degree premeditated murder under the natural and probable consequences doctrine" because "the connection between the [aider and abettor's] culpability and the perpetrator's premeditative state is too attenuated to impose aider and abettor liability for first degree murder[.]" Chiu, 59 Cal.4th at 158-59, 166 (emphasis omitted).  Thus, for the crime of murder, an aider and abettor can at most be convicted of second degree murder under the natural and probable consequences doctrine, which "is commensurate with a defendant's culpability for aiding and abetting a target crime that would naturally, probably, and foreseeably result in a murder."  Id. at 166.

Based on Favor and Chiu, under California law an aider and abettor can be convicted of premeditated attempted murder, but not premeditated first degree murder, under the natural and probable consequences doctrine.  To the extent petitioner argues that aiders and abettors of attempted murder are being treated more harshly than aiders and abettors of murder because, as set forth in Chiu and Favor, the former group can be held liable for the actual perpetrator's premeditation while the latter group cannot, his argument fails.  A defendant convicted of aiding

---

the maximum sentence is life imprisonment or death, the person guilty of the attempt shall be punished by imprisonment in the state prison for five, seven, or nine years. The additional term provided in this section for attempted willful, deliberate, and premeditated murder shall not be imposed unless the fact that the attempted murder was willful, deliberate, and premeditated is charged in the accusatory pleading and admitted or found to be true by the trier of fact.

and abetting an attempted murder, with no finding of premeditation, is subject to a determinate term of five, seven, or nine years.  If the jury finds the premeditation allegation true, the defendant is subject to a sentence of life with the possibility of parole after seven years.  Chiu, 59 Cal.4th at 163 (citing Cal. Penal Code §§ 664(a), 3046(a)(1)).  A defendant charged with aiding and abetting a premeditated murder under the natural and probable consequences doctrine can, at most, be convicted of second degree murder, which carries a sentence of fifteen years to life, with a minimum term of fifteen years before parole eligibility.  Chiu, 59 Cal.4th at 163 (citing Cal. Penal Code §§ 190(a), 3046(a)(2)).  Thus, with respect to the natural and probable consequences doctrine, an aider and abettor of a premeditated attempted murder is not punished the same or more severely as an aider and abettor of second degree murder.

Nor has petitioner shown that the above sentencing scheme is irrational.  First, Chiu and Favor both note that the California Legislature has declined to "limit section 664(a) only to those attempted murderers who personally acted willfully and with deliberation and premeditation." Chiu, 59 Cal.4th at 162-63; Favor, 54 Cal.4th at 878.  As set forth above, an aider and abettor of attempted murder is subject to a determinate term of five, seven, or nine years.  When an aider and abettor is found guilty of attempted murder and the jury finds the premeditation allegation true, the sentence changes to an indeterminate term of life with the possibility of parole after seven years.  The California Legislature could have rationally concluded that, when premeditation is involved, the aider and abettor deserves a harsher punishment than a range of five to nine years, even if the aider and abettor was found guilty under the natural and probable consequences doctrine and did not personally act with premeditation.  In other words, it was not irrational for the California Legislature to determine that when an individual aids and abets a crime, an attempted murder was the reasonably foreseeable consequence of that crime, and the actual perpetrator acted with premeditation, the aider and abettor should receive an indeterminate sentence of seven years to life.  See Favor, 54 Cal.4th at 878 ("[E]ven in the case of aiders and abettors under the natural and probable consequences doctrine, punishment need not be finely calibrated to the criminal's mens rea.  It takes account of other valid penalogical considerations, such as the

4

defendant's conduct, the consequences of such conduct, and the surrounding circumstances, including the fact that the murder attempted was willful, deliberate, and premeditated."). This sentence of seven years to life, while lengthy, is still less severe than the sentence of fifteen years to life given to aiders and abettors of second degree murder.

For these reasons, petitioner has not shown an equal protection violation. Petitioner's remaining objections are adequately addressed in the R&R.

## **CONCLUSION**

Based on the foregoing and pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the other records on file herein, the Magistrate Judge's Report and Recommendation, and petitioner's objections to the Report and Recommendation. The Court has engaged in a de novo review of those portions of the Report and Recommendation to which objections have been made. The Court concurs with and accepts the findings and conclusions of the Magistrate Judge.

ACCORDINGLY, IT IS ORDERED:

1.     The Report and Recommendation is accepted.

2.     Judgment shall be entered consistent with this Order.

3.     The clerk shall serve this Order and the Judgment on all counsel or parties of record.

DATED: 7/5/16

_____
HONORABLE GEORGE H. KING
UNITED STATES DISTRICT JUDGE